[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 28, 2009
THOMAS K. KAHN
CLERK

No. 09-10178
Non-Argument Calendar

_____

Agency No. A098-863-102

AZIZA SADEK MARCOS ASHMALLA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 28, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Aziza Sadek Marcos Ashmalla is a native and citizen of Egypt.  In her

petition for review, she challenges the decision of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the U.N. Convention on Torture ("CAT"), and ordering her removal to Egypt. In support of her petition, she argues that the BIA's adverse credibility finding regarding her testimony was erroneous under the totality of the circumstances because none of the inconsistencies in her testimony "goes to the heart of" her claims. Her failure to include in her testimony that her daughter, Marvat, was raped by members of Gama al-Islamiya ("Islamists") was not an inconsistency, as the rape may not have occurred at the time she filed her asylum application, she might not have known about the rape, and, further, she was not questioned concerning the rape.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, because the BIA relied upon the reasons identified in the IJ's order, we review both decisions.

We review the BIA's legal determinations de novo. Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007). We review the BIA's and IJ's findings of fact under the substantial evidence test and accept those findings if they are "supported by reasonable, substantial, and probative evidence on the record

2

considered as a whole." Id. (quotation omitted). Under the substantial evidence test, we may reject a finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Like any finding of fact, a credibility determination may not be overturned unless the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). An application for asylum may be denied solely on the basis of an adverse credibility determination, especially when the alien does not produce evidence to corroborate his or her testimony. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). If the IJ and the BIA explicitly determine that the alien is not credible, they must give specific, cogent reasons for the adverse credibility determination. Id. "The burden then shifts to the alien to show that the IJ's credibility determination was not supported by specific, cogent reasons or was not based on substantial evidence." Id. (quotation omitted).

For asylum applications filed after May 11, 2005, a more detailed totality-of-the-circumstances test, as provided in 8 U.S.C. § 1158(b)(1)(B)(iii), governs credibility determinations of testimony:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent

3

plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statements, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant fact. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

8 U.S.C. § 1158(b)(1)(B)(iii)(as amended by the REAL ID Act § 101(a)(3)).

"Indications of reliable testimony include consistency on direct examination, consistency with the written [asylum] application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his or her eligibility for relief from removal. Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. However, if an applicant produces evidence other than the applicant's testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Id. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen, 418 F.3d 1198, 1201 (11th Cir. 2005).

4

An alien may establish eligibility for asylum if she shows that she has suffered either "past persecution" or has a "well-founded fear" of future persecution. 8 C.F.R. § 208.13(b); Chen v. U.S. Att'y Gen., 513 F.3d 1255, 1257 (11th Cir. 2008). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007) (emphasis in original). A well-founded fear may be established by showing (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, (2) a reasonable possibility of being singled out for persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which he is a part. 8 C.F.R. § 208.13(b)(1), (2), (3)(I).

As an initial matter, because Ashmalla's asylum application was filed after the May 11, 2005, effective date of the REAL ID Act, its provisions apply. The record does not compel overturing the IJ and the BIA's adverse credibility findings because the findings were supported by the totality of the circumstances, including: (1) Ashmalla's failure to testify concerning the alleged raped of her daughter, Marvat, even though her claims for relief were based on the rape of her other daughter, Mary; (2) the inconsistency between Ashmalla's asylum interview, where said she was bruised in the December 2002 incident, but did not mention

5

needing medical attention, and her testimony where she claimed to have sought medical attention both in Egypt and the United States; (3) the inconsistency between Ashmalla's testimony that she failed to mention needing medical attention at the time of her asylum interview because she was primarily concerned with her husband's health and the record, given that her husband died eight months prior to her asylum interview; and (4) the contradiction between her testimony that the police were given her updated address in Alexandria, Egypt, and her asylum interview where she said that she that the police were not given her updated address. Moreover, the other evidence provided by Ashmalla was insufficient to show past persecution or a well-founded fear of future persecution.

Ashmalla argues that, contrary to the IJ's finding, she was a member of a particular social group, namely, her family. She contends that, because she had a well-founded fear of future persecution, she was eligible for asylum and withholding of removal. She also contends that, because she suffered severe physical pain and mental suffering at the hands of the Islamists and will likely be raped or physically assaulted upon return to Egypt based on her membership in her family, she was eligible for CAT relief.

Because the BIA did not consider Ashmalla's arguments that the IJ erred by finding that she did not show a nexus between her protected activity and the persecution, did not have a well founded fear of future persecution, was ineligible

6

for withholding of removal, and was ineligible for CAT relief, but only adopted the IJ's adverse credibility finding, we do not consider those arguments.

PETITION DENIED.